UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KEON D. DAVIS,

        Plaintiff,

  v.                                                    Case No. 13-C-0379

PARKER HANNIFIN
and QPS EMPLOYMENT,

        Defendants.

## ORDER OF DISMISSAL

        Plaintiff Keon Davis (Davis), who is proceeding pro se, filed a complaint pursuant to 42 U.S.C. § 1983 against Defendants QPS Employment (QPS) and Parker Hannifin. By order dated October 22, 2013, this court granted QPS's motion to compel discovery. (ECF No. 26.) In the order, Davis was instructed to submit responses to QPS's interrogatories and requests for production within ten days, as well as produce all responsive documents to QPS within ten days. (*Id.*) He failed to do so. The order further advised Davis that his failure to comply with the order would result in the dismissal of this case with prejudice. (*Id.*) This matter is now before me on QPS's motion to dismiss the case with prejudice pursuant to Federal Rule of Civil Procedure 37. (ECF No. 33.) Davis has not provided any substantive response to QPS's motion to dismiss, despite this court directing Davis to file a response to the motion to dismiss on or before November 20, 2013. (ECF No. 37.)

        The only recent properly filed document by Davis is a two-page document entitled "QPS ANSWERS: Interrogatories and Requests for Documents." (ECF No. 41.) This document, which

is both unsigned and unverified, is apparently Davis' attempt to comply with this court's order. However, it was untimely—the document was filed more than ten days after the deadline set by the court's order—and, more importantly, provides wholly inadequate responses to QPS's interrogatories and requests for production. For example, QPS's second interrogatory asked the following: "Identify each person presently known with whom you or your representative have communicated or attempted to communicate concerning your allegations as provided in your Complaint. For each person also identify when you communicated with that person and the subject of the communication." (Def. Interrog. 4–5, Ex. A, ECF No. 35-1.) Earlier in the interrogatories, QPS defined "identify" to mean "to give, to the extent known, the person's full name, present or last known address and telephone number, and when referring to a natural person, additionally the present or last known place of employment." (*Id.* at 3.) In response, Davis provided the following answer: "Spouse Tatiyanna Davis." (Pl. Answers 1, ECF No. 41.) Even assuming that Tatiyanna Davis is the only person with whom Davis has communicated about his claims, his answer lacks all of the additional information QPS reasonably requested. His answers to the other interrogatories are similarly incomplete. Davis also failed to produce a single document to QPS.

In many ways, his answers to QPS resemble his unwillingness to answer the interrogatories of and produce responsive documents to Parker Hannifin, which were the subject of a separate motion to compel filed by Parker Hannifin. (ECF No. 27.) As with QPS's motion to compel, Davis filed no response. In the order granting Parker Hannifin's motion to compel, I found that the unsigned and unverified answers he provided to Parker Hannifin were insufficient and that his boilerplate objections failed to provide any explanation of the grounds for the objection. (ECF No. 32.) The order directed Davis to provide discovery within ten days and granted Parker Hannifin reasonable costs for bringing the motion. (*Id.*) I also ordered that Davis' failure to provide such

discovery as ordered would result in the dismissal of the case with prejudice. (*Id.*) To date, it appears that Davis has ignored this court order to provide discovery to Parker Hannifin as well.

Aside from the incomplete answers to QPS's interrogatories, Davis has not properly filed any document in this case since he filed a notice of consent to jurisdiction by a magistrate judge on July 8, 2013. (ECF No. 16.) This lack of communication is noteworthy given the motions to compel filed by both defendants, the court's orders granting those motions to compel, and the defendants' requests for costs and fees. Davis has, however, inappropriately attempted to communicate with the court on several occasions. Particularly relevant to this matter, Davis forwarded an email with an attached word document to the court clerk on November 20, 2013. The clerk—having already informed Davis in two prior instances that he must submit all documents to the court via U.S. Mail—has not entered this document in the docket, and the court will not consider it in connection with this motion.

As a pro se plaintiff, Davis' unfamiliarity with the rules is understandable, and the court construes his pleadings liberally as a result. *See Erickson v. Pardu*, 551 U.S. 89, 94 (2007). However, his pro se status does not absolve him of his responsibility to follow the rules and orders of this court. *See Metro. Life Ins. Co. v. Johnson*, 297 F.3d 558, 562 (7th Cir. 2002); *see also Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir. 1996) ("But being a pro se litigant does not give a party unbridled license to disregard clearly communicated court orders. It does not give the pro se litigant the discretion to choose which of the court's rules and orders it will follow, and which it will wilfully disregard."), *opinion amended on denial of reh'g*, 87 F.3d 202 (7th Cir. 1996). Davis' unwillingness to follow the filing rules is especially egregious in this case because the court clerk has previously and unequivocally informed him of the proper method to submit documents. Moreover, the court has no way to determine if the document submitted is actually from Davis because it is unsigned, a violation of rules of civil procedure. Fed. R. Civ. P. 11(a) ("Every

pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented.")

Even if I did consider the document, which is attached to this order, Davis has provided no intelligible argument against dismissal of this case. In the forwarded document, which I will presume is authored by or on behalf of Davis (though, as mentioned above, it is unsigned and was originally sent in an email from lashaundawharton@aol.com on November 18, 2013), Davis states he "would like to object" to the motion to compel filed by Parker Hannifin for several reasons. First, he contends that he has not received discovery from the defendants in this case. Second, he explains that because he is confused about who represents each defendant, he failed to provide any discovery to QPS despite its requests. Finally, he concludes that he "had no idea how to stop the motion to compel by simply replying [sic] being the victim in this chain of unfortunate events has taken a great toll on me and my family."

None of these arguments provide any explanation for Davis' failures to follow the rules and orders of this court, which clearly directed him to provide discovery to QPS within ten days of October 22, 2013, and to Parker Hannifin within ten days of November 6, 2013. As an initial matter, Davis has provided no evidence or documentation to support his allegations, such as a copy of his first set of interrogatories or requests for productions, proof of service of his discovery requests, copies of emails or letters relating to discovery, or even a declaration or affidavit describing his efforts to obtain discovery or confer with defendants' counsel. Even if Davis' assertions that the defendants have not provided responses to his discovery requests are true, the defendants' failures do not excuse him from following the local rules, the Federal Rules of Civil Procedure, or the orders of the court.

As for his claimed confusion, it is similarly unsupported. His confusion is even more incredible because numerous documents filed by defendants in this case definitively establish

who represents each defendant: (1) Notice of Appearance by Lindsey W. Davis and Robert H. Duffy on behalf of QPS Employment filed on May 31, 2013 (ECF No. 7); (2) Answer to Complaint and Affirmative Defenses by QPS filed on May 31, 2013 (ECF No. 9); (3) Answer to Complaint by Parker Hannifin filed on June 4, 2013 (ECF No. 12); (4) Defendants' Joint Report of Meeting and Discovery Plan filed on July 18, 2013 (ECF No. 17); (5) Notice of Appearance by Bruce G. Hearey on behalf of Parker Hannifin filed on August 6, 2013 (ECF No. 21); and (6) Notice of Appearance by Kelly L. Hamilton on behalf of Parker Hannifin filed on August 6, 2013 (ECF No. 22). Regardless, even if Davis is genuinely confused, it does not excuse the inadequacy of the untimely discovery responses he did provide. Likewise, his lack of knowledge about how "to stop a motion to compel" does not mean that he can neglect the case he filed, refuse to provide discovery, avoid conferring with the attorneys representing the companies he sued, ignore the rules for filing, or disregard the orders of the court.

Accordingly, as this court warned in its previous orders, because Plaintiff Keon Davis has failed to provide timely and adequate discovery to both parties, failed to follow the rules of this court, and failed to comply with the orders of this court, this case will be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 37.

IT THEREFORE IS ORDERED that this action be dismissed with prejudice for failure to prosecute.

Dated this 22nd day of November, 2013.

s/ William C. Griesbach<br>
William C. Griesbach, Chief Judge<br>
United States District Court